IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIN S. WIESNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 6239 |
| FONTAINE TRUCK EQUIPMENT | ) | |
| COMPANY, INC., AND FONTAINE | ) | |
| TRAILER COMPANY, INC., | ) | |
| | ) | Wayne R. Andersen |
| | ) | District Judge |
| Defendants. | ) | |

**MEMORANDUM ORDER AND OPINION**

This matter comes before the court on defendants' separate motions to dismiss. Fontaine Truck Equipment Company ("FTEC") moves to dismiss on the grounds that it is an improper defendant. Fontaine Trailer Company ("Fontaine Trailer") moves to dismiss on the grounds that the complaint is time-barred. For the following reasons, FTEC's motion to dismiss is granted, and Fontaine Trailer's motion to dismiss is denied.

**OVERVIEW**

On May 6, 2004, plaintiff Darrin Wiesner was driving a tractor-trailer truck which was loaded with railroad-car wheel/axel assemblies. Plaintiff alleges that, when he slowed the vehicle in traffic, one or the chains that secured the wheel/axel assemblies failed, causing a wheel/axel assembly to crush the cab of the tractor and injure to him. Plaintiff filed a product liability lawsuit in the Circuit Court of Cook County, Illinois against FTEC on March 23, 2006. In the original complaint, the plaintiff named his employer at the time of the incident, Klos Trucking Company, for discovery purposes only. Service was made upon FTEC's registered agent, the Corporation Service Company ("CSC") on April 12, 2006. The plaintiff amended the

complaint to add Fontaine Trailer as a defendant on September 25, 2006, and served it on October 16, 2006. Fontaine Trailer then removed the matter to federal court.

## ANALYSIS

The statute of limitations for a product liability action in Illinois expires two years after the "date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage." 735 ILCS 5/13-213(d). Thus, a cause of action must be commenced within two years of the date of injury, unless the nature of the injury is such that it could not reasonably have been discovered during that time. *Sille v. McCann Constr. Specialties Co.,* 265 Ill. App. 3d 1051, 1056 (Ill. App. Ct. 1994). Further, it is the duty of the plaintiff to inquire as to whether a cause of action exists. *Id.* The Illinois Supreme Court has repeatedly held that when the plaintiff's injury is caused by a "sudden traumatic event," such as an automobile accident, the cause of action accrues, and the statute of limitation begins to run, on the date the injury occurs. *Golla v. General Motors Corp*., 167 Ill. 2d 353, 362 (Ill. 1995).

In this case, the statute of limitations began on May 6, 2004 and expired on May 6, 2006. Because the plaintiff amended the complaint to add Fontaine Trailer as a defendant four and a half months after the statute of limitations expired, the court must decide whether the amendment "relates back" to the original date of the pleading. In federal court, Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part that:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In other words, "relation back" must either be permitted by Illinois law or satisfy the provisions of Rule 15(c)(1)(C).

I.    **Fed R. Civ. P. 15(c)(1)(C).**

The Federal Rules permit relation back of an amendment if three conditions are met. First, the amendment changes the name of the party against whom a claim is asserted and asserts a claim that arose out of the occurrence set out in the original complaint. Fed. R. Civ. P. 15(c)(1)(C). This element is met as the plaintiff does not object to the dismissal of FTEC as the wrong party and makes the same allegations resulting from the same occurrence. Next, during the period provided for serving the summons and complaint, the new party must receive such "notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(I). Plaintiff contends that Fontaine Trailer was on notice that it might be added to the lawsuit when FTEC was served since both companies have the same registered agent, CSC. A corporation "receives notice within the meaning of Rule 15(c)(1) no later than the date its registered agent for service of process receives the complaint, even though the complaint does not identify that corporation as a party." *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236 (7th Cir. 1990). Thus, Fontaine Trailer received notice on April 12, 2006 both within the time required for service of the summons by Rule 4(m) and before the statute of limitations expired. Though Fontaine Trailer has not argued that it will be prejudiced in defending the case on the

merits, we may dispense of this issue, as well.  Despite a factual dispute whether both defendants are currently owned by the same parent company, several key similarities allow the court to conclude that the defendant is not likely prejudiced:  (1) CSC maintains an identical list of persons to be immediately notified when process is served upon it for both companies; (2) both companies have the same insurance company; and (3) both companies are represented by the same attorneys.

Third, the Federal Rules require that the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  We must be clear that "'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant."  *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).  In other words, "a plaintiff's ignorance or misunderstanding about who is liable for his injury" is not "mistake" for purposes of Rule15(c)(1)(C)(ii).  Because the plaintiff is responsible for determining who is responsible for his injury before the statute of limitations runs out, Rule 15(c) may not be used to avoid this burden. *Hall,* 469 F.3d at 596-597.

In this case, we find that the amendment meets the requirement that the Fontaine Trailer knew or should have known that it was a defendant in this case, but for a "mistake" concerning the identity of the proper party for several reasons.  First, the names of the two defendants are very similar—the court has found it helpful when underlining or bold print has been used to emphasize to which company the briefings referred.  Based upon testimony from Gary Overby, president of FTEC, it is clear that both companies are in industries related to trucking.  Further,

according to Overby, at one point, if not presently as the plaintiff contends, both companies were owned by a large company known as Marmon.

Pursuant to Rule 15(c)(1)(C), the amendment to add Fontaine Trailer relates back to the date of the originally filed complaint. Thus, the case may not be dismissed as time-barred.

## II.    "Relation back" under Illinois law

An amendment may "relate back" to the date of the originally filed complaint if relation back would be allowed under state law. Fed. R. Civ. P. 15(c)(1)(A). Illinois law provides that:

> A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met:
>
> (1) the time prescribed or limited had not expired when the original action was commenced;
>
> (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and
>
> (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.
>
> For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616 (d). By amending this section in 2001, the legislature intended to impose more stringent requirements for amended complaints. *Pruitt v. Pervan,* 356 Ill. App. 3d 32, 36 (Ill App 2005). Prior to 2001, courts liberally construed Section 2-616(d) to decide cases "on

their merits rather than on procedural technicalities." *Siebert v. Bleichman*, 306 Ill. App. 3d 841, 846 (Ill. App. 1999).  Now, it appears that Illinois law requires the same elements as set forth in the Federal Rules, albeit in a different order: first, the original action must be commenced before the expiration of the statute of limitations; second, the new party received notice during the time required as not to be prejudiced, and knew or should have known but for a mistake concerning identify, the action would have been brought against him;  and third, the amended pleading grew out of the same occurrence set forth in the original pleading.  735 ILCS 5/2-616 (d).  Having discussed above that this amendment meets the timely service, notice, and sameness requirements of Rule 15(c)(1)(C) and finding such elements to be the same under Illinois law, we will briefly discuss the concept of "mistake."

Under Illinois law, the misnomer must actually be a "case of mistaken identity." *Pruitt,* 356 Ill. App. 3d at 36 (citing *Fassero v. Turigliatto*, 349 Ill. App. 3d 368, 370-74 (2004)).  In *Fassero,* the court allowed an amendment to relate back when the plaintiff had intended to sue the driver of the vehicle that injured her, Todd Turigliatto, but mistakenly named the owner of the vehicle, Thomas Turigliatto.  In this case, given the similarity in names and that the allegations have always charged the defendant as, inter alia, the designer, manufacturer, supplier and distributor of the product that injured him, we find that the plaintiff intended to sue and would have named Fontaine Trailer but for "a mistake concerning the identity of the proper party."

Thus, both Illinois and Federal law permits the amendment to relate back to the original date of the timely filed complaint.

III.     **FTEC's Motion to Dismiss**

In support of its motion to dismiss, FTEC provided an affidavit from its president, Gary Overby, who states that since the late 1980s, this defendant "has not designed, prepared or manufactured flat bed trailers and does not currently do so." As the plaintiff does not object to the dismissal of this plaintiff, the motion is granted.

**CONCLUSION**

For the aforementioned reasons, Fontaine Truck Equipment Company's motion to dismiss [38] is granted with prejudice, and Fontaine Trailer Company's motion to dismiss [32] is denied.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated:   December 18, 2007