# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRIN S. WIESNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 CV 6239 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| FONTAINE TRAILER COMPANY, INC., | ) | |
| | ) | |
| Defendant & | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KLOS TRUCKING, INC. | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Fontaine Trailer Company, Inc.'s motion for summary judgment [126] and motion to strike [137] certain numbered paragraphs from Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts. Plaintiff Darrin S. Wiesner filed a single strict product liability claim in tort against Defendant alleging Defendant's product, tractor-trailer equipment used to secure heavy loads during transport, caused Plaintiff's injuries because Defendant did not provide adequate warnings about the product's alleged unreasonably dangerous propensities when used in a foreseeable manner. Defendant, on the other hand, denies manufacturing or selling the product at issue and argues Plaintiff has not offered any evidence to show Defendant caused Plaintiff's injuries. For the reasons that follow, this Court grants Defendant's motion to strike [137] and motion for summary judgment [126].

## BACKGROUND

The following facts are not in dispute. Defendant is a manufacturer of flat bed trailers for commercial customers. Plaintiff is a commercial tractor-trailer driver previously employed by Third Party Defendant Klos Trucking. On May 6, 2004, Plaintiff was tasked with transporting 14 to 16 railroad-car wheel assemblies, each weighing 3,000 pounds, using a flat bed trailer (the Trailer) manufactured by Defendant. After the wheel assemblies were loaded onto the Trailer, Plaintiff secured the wheel assemblies by wrapping two chains around the wheel assemblies and securing the chains with four chain tie-downs that were installed on the Trailer. Plaintiff during his pre-trip inspection "did not see anything that didn't look right."

While driving the tractor-trailer loaded with the wheel assemblies, Plaintiff came to a stop and heard a "boom." Plaintiff exited the tractor-trailer and noticed that one of the chain tie-downs "popped out" (the Tie-Down), thereby allowing several wheel assemblies to crash into the cab of the tractor-trailer. Plaintiff claims various injuries as a result of this incident.

In May 2006, Plaintiff filed a product liability lawsuit in the Circuit Court of Cook County, Illinois against Fontaine Trucking Equipment Company claiming the Tie-Down caused Plaintiff's injuries. In September 2006, Plaintiff also joined Defendant and asserted a product liability claim against Defendant claiming Defendant, as manufacturer of the Trailer, was liable for injuries caused by the Tie-Down. Fontaine Trucking Equipment Company subsequently removed Plaintiff's suit to federal court and on December 18, 2007, this Court dismissed with prejudice Plaintiff's claims against Fontaine Trucking Equipment Company because Fontaine Trucking Equipment Company "has not designed, prepared, or manufactured flatbed trailers." Plaintiff did not object to this dismissal. Defendant then joined Klos Trucking as a Third Party Defendant asserting that Klos Trucking was at least partially liable for any damages Defendants must pay as a result of Plaintiff's claim.

While both parties agree Defendant manufactured the Trailer used by Plaintiff, they disagree about whether Defendant sold the Tie-Down. Furthermore, neither party can currently locate the Tie-Down used at the time of the incident. However, Plaintiff argues the other tie-downs still installed on the Trailer are all identical and were all purchased from Defendant. Thus, Plaintiff claims that it can be reasonably inferred that Defendant sold the Tie-Down.

To support Plaintiff's argument, Plaintiff asserts the following in Paragraph 7 of Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts:

7. The Fontaine trailer was sold to Klos Trucking with nineteen tie-downs installed on it.

Plaintiff supports Paragraph 7 with an order form (the Order Form) that purports to describe the sale of four trailers to Klos Trucking. The Order Form is titled "ILoca Services" and lists "Klos Trucking" as the customer. The "make" of the trailers, according to The Order Form, is "Fontaine Trailer." In the section of the Order Form titled "comments," there are handwritten notes stating "Trailers include 19 pair of popup chain tie downs each." While the Order Form includes the model of the trailers, it does not appear to include any vehicle identification numbers that would indicate the Order Form describes the Trailer. Plaintiff does not include any affidavits or depositions authenticating or introducing the Order Form.

In further support of Plaintiff's claim that Defendant sold the Tie-Down, Plaintiff asserts the following in Paragraph 8 of Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts:

8. The tie-downs installed on the subject trailer were purchased from Fontaine Trailer Company.

Plaintiff supports Paragraph 8 with a copy of a letter (the Letter) from Plaintiff's counsel to Defendant's counsel stating Plaintiff's counsel intends to call the salesperson at ILoca Services who sold the Trailer at issue to Klos Trucking. According to the Letter, this salesperson would

testify that ILoca Services installed the tie-downs on the Trailer and the tie-downs were purchased from Defendant.

Defendant, on the other hand, disagrees and filed this motion for summary judgment claiming Plaintiff offers no admissible evidence that creates any inference Defendant sold the Tie-Down. Specifically, Defendant argues Plaintiff's exhibits supporting Plaintiff's assertions in Paragraphs 7 and 8 of Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts are inadmissible. Thus, Defendant has moved to strike Paragraphs 7 and 8.

Furthermore, Defendant argues it cannot be reasonably inferred that Defendant sold the Tie-Down because an examination of the Trailer does not support the reasonable inference that Defendant sold the tie-downs installed on the Trailer. Defendant claims the engineering specifications for the Trailer did not include any tie-downs and Defendant's Director of Engineering claims that Defendant did not install tie-downs when Defendant built the Trailer. Furthermore, Defendant's Vice President of Engineering claims the tie-downs on the Trailer were installed using a different installation method than Defendant uses to install tie-downs. Defendant further claims there is nothing remarkable about the tie-downs on the Trailer that clearly identifies Defendant as the seller or manufacturer of the tie-downs. According to Defendant, several companies sell tie-downs similar to those installed on the Trailer. Additionally, Klos Trucking, the owner of the Trailer, claims they have no evidence that Defendant sold the tie-downs. Thus, without additional information, Defendant argues that no reasonable inference can be drawn as to the seller or manufacturer of the tie-downs, let alone, the Tie-Down.

For the reasons stated below, the Court agrees with Defendant that Plaintiff's supporting exhibits are inadmissible evidence and should not be considered by the Court in deciding

summary judgment. Additionally, this Court agrees with Defendant that there is no genuine issue of material fact and that Plaintiff has failed to provide sufficient evidence to support a reasonable inference that Defendant caused Plaintiff's injury by selling the Tie-Down. Therefore, Defendant is entitled to summary judgment as a matter of law.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The nonmoving party is tasked with presenting specific, competent evidence to rebut the motion for summary judgment. *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). In determining whether a genuine issue of material fact exists, the Court construes the evidence in the light most favorable to the non-moving party, and all "reasonable and justifiable inferences [are drawn] in that party's favor." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

## DISCUSSION

**I. Motion to Strike Paragraph 7 from Plaintiff's Rule 56.1(a)(3) statement.**

This Court grants Defendant's motion to strike Paragraph 7 from Plaintiff's Local Rule 56.1(a)(3) statement because the Order Form is an inadmissible, unauthenticated business record. Local Rule 56.1(a)(3) allows a non-moving party in a motion for summary judgment to submit "a statement, consisting of short numbered paragraphs, of any additional facts that require the

denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Furthermore, when a party seeks to offer evidence through a business record exhibit at the summary judgment stage, the party offering the business record must attach an affidavit of a person who would be qualified to introduce the record as evidence at trial. *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006).

To support Paragraph 7 from Plaintiff's Rule 56.1(a)(3) statement, Plaintiff attached the Order Form. However, Plaintiff did not attach the affidavit of anyone who could authenticate the Order Form or who would be able to introduce the Order Form at trial. Even if this court were to consider the Order Form without a supporting affidavit, the Order Form does not contain information that would allow the Court to reasonably infer the Order Form contained information related to the Trailer. The Order Form appears to describe the sale of four Fontaine trailers from ILoca Services to Klos Trucking. However, without an affidavit introducing the Order Form, there is nothing in the Order Form that explicitly or implicitly links the sale described in the Order Form to the Trailer. At best, the Court could reasonably infer that Klos Trucking purchased Fontaine trailers; however, neither party disputes this assertion.

Furthermore, in light of Defendant's evidence regarding the tie-downs installed on the Trailer, this Court cannot automatically infer the tie-downs installed on the Trailer were sold by Defendant. This evidentiary issue underscores the very practical need in this case for someone to authenticate or introduce the Order Form via affidavit or deposition testimony. Thus, this Court grants Defendant's motion to strike Paragraph 7 from Plaintiff's Rule 56.1(a)(3) Statement of Undisputed Material Facts.

**II. Motion to Strike Paragraph 8 from Plaintiff's Rule 56.1(a)(3) statement.**

With regards to Paragraph 8 of Plaintiff's Rule 56.1 statement, this Court grants Defendant's motion to strike Paragraph 8 because the Letter's contents are inadmissible hearsay. As previously stated, when a party seeks to offer evidence through exhibits, the exhibits must be identified by affidavit or otherwise made admissible in evidence. *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). Plaintiff supports Paragraph 8 with a letter from Plaintiff's counsel to Defendant's counsel describing the testimony of a salesperson who Plaintiff plans to question at trial. This exhibit is clearly hearsay and does not fall within any of the hearsay exceptions. After three years of discovery, Plaintiff should have supported Paragraph 8 with at least an affidavit from the salesperson. Alternatively, Plaintiff could have attached a deposition transcript of this salesperson. Defendant's motion to strike Paragraph 8 from Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts is granted.

**III. Defendant's Motion For Summary Judgment.**

This Court grants Defendant's motion for summary judgment because there are no genuine issues of material facts and Plaintiff has failed to show that any of the evidence submitted creates a reasonable inference that Defendant sold the Tie-Down that allegedly caused Plaintiff's injuries. Fed. R. Civ. P. 56(e) states "when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Furthermore, in a products liability case, a defendant is liable for injuries caused by the unreasonably dangerous condition of a product which it places in the stream of commerce. *Knapp v. Hertz Corp.*, 59 Ill.App.3d 241, 245 (Ill.App. 1st Dist. 1978). In the instant matter, Plaintiff has not set out any facts that Defendant sold or manufactured the product that allegedly caused Plaintiff's injuries.

In contrast, Defendant offers the deposition of its Vice President of Engineering and Director of Engineering. Both individuals claim there is nothing remarkable about the Tie-Down that would cause one to believe Defendant sold or manufactured the Tie-Down. Both individuals also claim that Defendant did not install the Tie-Down prior to the Trailer leaving Defendant's control. Furthermore, Klos Trucking, the alleged owner of the Trailer, admits to having no evidence that Defendant sold the Tie-Down. After three years of discovery, Plaintiff merely rests on the allegations in his complaint to assert Defendant sold the product that allegedly caused Plaintiff's injuries. As Fed. R. Civ. P. 56(e) makes explicitly clear, Plaintiff's reliance on allegations in his complaint to contradict assertions set out in depositions submitted by Defendant is not enough at the summary judgment stage.

Accordingly, drawing all reasonable inferences in favor of the non-moving party, Plaintiff has not set forth facts that create a reasonable inference that Defendant caused Plaintiff's injury by selling the Tie-Down. Consequently, Plaintiff has failed to state a prima facie claim of product liability against Defendant and therefore, Defendant is entitled to summary judgment.

## CONCLUSION

For the aforementioned reasons, this Court grants Defendant's motion to strike [137] Paragraph 7 and Paragraph 8 from Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts. The Court also grants Defendant's motion for summary judgment [126]. Consequently, this court enters judgment in favor of Defendant Fontaine Trailer Company, Inc. and dismisses Defendant Fontaine Trailer Company, Inc.'s third party complaint [77] against Klos Trucking as moot. This case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:__ 7/30/2010_____